# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUDY MINJAREZ,<br><br>        Plaintiff,<br><br>    v.<br><br>DIRECTOR OF CDCR, et al.,<br><br>        Defendants.<br>_____/ | 1:10cv01560 LJO DLB PC<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF CERTAIN CLAIMS IN SECOND AMENDED COMPLAINT |

**I.**     **Background**

    Plaintiff Rudy Minjarez ("Plaintiff"), a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"), is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed his initial complaint on August 30, 2010, and filed a First Amended Complaint on November 16, 2010.

    On April 25, 2011, the Court issued a screening order requiring Plaintiff to either file a Second Amended Complaint *or* inform the Court of his willingness to proceed only on the cognizable claim. Of the four causes of action, the Court found that Plaintiff's Eighth Amendment excessive force claim against Defendants Cortez, Swetalla, Gaona, Fidler and Barajas stated a claim and could go forward.

    Plaintiff opted to file a Second Amended Complaint on June 7, 2011.

**II.**     **Legal Standard**

    The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

1

Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*

### III.     Summary Of Second Amended Complaint

Plaintiff is incarcerated at California Correctional Institution ("CCI") in Tehachapi, California, where the events giving rise to this action occurred. Plaintiff names Director of CDCR John Doe 1, Warden Gonzales, Sergeant Barajas, Sergeant Fidler, Officer Cortez, Officer Swetalla, Officer Gaona, and Correctional Captain John Doe 2 as Defendants.

Plaintiff alleges that on March 6, 2009, when he was housed in Unit 4, Cell 139, Officer Sweaney arbitrarily chose to withhold his canteen purchases, as well as the purchases of his cell mate and two inmates housed in Cell 137. Plaintiff, his cell mate, and the inmates in Cell 137 withheld their food trays and covered their door windows in protest. Hours later, Facility Captain Hill negotiated an agreement and the inmates received their canteen items. Plaintiff was subsequently moved to Unit 2.

On March 7, 2009, Plaintiff was ordered by the Unit 2 Officer to report to the Unit Office. Once there, Defendants Cortez and Swetalla conducted a strip search and then gave him paper underwear. Defendants Cortez and Swetalla ordered the inmate porters to exit the office.

2

Fifteen minutes later, Plaintiff was escorted to the sergeant's office and ordered to straddle a chair. Defendant Fidler asked Plaintiff why he kept his morning meal tray and Plaintiff responded that he had not. Defendant Fidler then asked Plaintiff why he had caused trouble the night before. Plaintiff explained that Captain Hill had assured Plaintiff that the incident from Unit 4 would not follow him to Unit 2. Plaintiff alleges that Defendant Fidler then raised his voice and told Plaintiff that he didn't care about what Captain Hill said and that he ran the program. Plaintiff responded that he was better off in ad-seg (administrative segregation).

Defendant Fidler ordered Plaintiff to stand with his hands behind his back and cuff up. As Plaintiff stood with his hands behind his back, Defendants Cortez, Swetalla, Gaona, Fidler, and Barajas began to beat Plaintiff. Plaintiff alleges that he suffered multiple injuries, including bruises, scratches, and an injury to his knee caused by Defendant Fidler twisting his foot. He believes that the beating was in retaliation for the events of March 6.

Plaintiff then alleges that Defendant John Doe 2 placed him on "potty watch" for five days. Plaintiff was "kept with no blankets, no jacket, cuffed, chained, and under 24 hour guard, in an open door room that was exposed to freezing outdoor temperatures." Second Amended Complaint, at 5C.

Plaintiff alleges that (1) a conspiracy existed between Defendant Fidler and Defendants Gaona, Cortez, Swetalla and Barajas to violation Plaintiff's constitutional rights; (2) John Doe 2 violated his constitutional rights by placing him on "potty watch" for five days; (3) John Doe 1 and Defendant Gonzales failed to train and supervise Defendants Gaona, Cortez, Swetalla, Barajas, Fidler and John Doe 2; and (4) Defendants Cortez, Swetalla, Gaona, Fidler and Barajas beat him in retaliation for the March 6 incident.

Plaintiff seeks monetary damages, declaratory judgment, and injunctive relief.

**IV. Analysis**

    **A. Supervisory Liability**

Plaintiff alleges that Defendants John Doe 1 and Gonzales are liable for their failure to train or supervise Defendants Cortez, Swetalla, Gaona, Fidler, Barajas, and John Doe 2.

Specifically, Plaintiff alleges that Defendants John Doe 1 and Gonzales failed to inform the other Defendants that their actions related to the alleged beating and "potty watch" were violations of Plaintiff's constitutional rights.

Under section 1983, Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Ashcroft v. Iqbal*, 129 S.Ct 1937 (2009); *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1020-21 (9th Cir. 2010). Liability may not be imposed on supervisory personnel under the theory of *respondeat superior*, as each defendant is only liable for his or her own misconduct. *Iqbal*, 129 S.Ct. at 1948-49; *Ewing*, 588 F.3d at 1235. Supervisors may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *accord Starr v. Baca*, 652 F.3d 1202, 1205-08 (9th Cir. 2011).

Therefore, to state a claim for relief under section 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); *Taylor,* 880 F.2d at 1045.

In his Second Amended Complaint, Plaintiff continues to allege a failure to train and supervise. The only difference between the allegations in this complaint and those in his prior complaint is Plaintiff's contention that the failure to train and/or supervise was based on Defendants' failure to tell the other Defendants that their acts were unconstitutional. This does not cure the deficiency, however. Plaintiff's allegations again fail to allege sufficient facts which demonstrate that Defendants either personally participated in, knew of the violations and failed to act to prevent them, or promulgated a constitutionally deficient policy.

Plaintiff has been granted one opportunity to amend the allegations but has failed to successfully do so. Accordingly, the Court recommends that this claim be dismissed without leave to amend.

### B. Eighth Amendment - Excessive Force

"What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishments Clause [of the Eighth Amendment] depends upon the claim at issue . . . ." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." *Id.* (internal quotation marks and citations omitted). The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident. *Id.* at 9; *see also Oliver v. Keller*, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines *de minimis* uses of force, not *de minimis* injuries)). However, not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Hudson*, 503 U.S. at 9. "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind." *Id.* at 9-10 (internal quotations marks and citations omitted).

Here, Plaintiff has sufficiently alleged an Eighth Amendment claim against Defendants Cortez, Swetalla, Gaona, Fidler, and Barajas. The Court will instruct Plaintiff on service by separate order.

### C. Eighth Amendment - Conditions of Confinement

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. *Hudson*, 503 U.S. at 9. In order to state a claim for violation of the Eighth Amendment, Plaintiff must allege facts sufficient to support a claim that officials knew of and disregarded a substantial risk of serious harm to him. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *see Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998).

Plaintiff alleges that Defendant John Doe 2 placed him on "potty watch" for five days in unconstitutional conditions. He alleges that he was kept with "no blankets, no jacket, cuffed, chained, and under 24 hour guard, in an open door room that was exposed to freezing outdoor temperatures." Second Amended Complaint, at 5C.

Plaintiff's prior complaint failed to allege which Defendant placed him in these conditions. He now alleges that it was Defendant John Doe 2. Accordingly, Plaintiff has cured this deficiency. The Court will address service by separate order.

### D.     Conspiracy

A conspiracy claim brought under section 1983 requires proof of "'an agreement or meeting of the minds to violate constitutional rights,'" *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2001) (quoting *United Steel Workers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1540-41 (9th Cir. 1989) (citation omitted)), and an actual deprivation of constitutional rights, *Hart v. Parks*, 450 F.3d 1059, 1071 (9th Cir. 2006) (quoting *Woodrum v. Woodward County, Oklahoma*, 866 F.2d 1121, 1126 (9th Cir. 1989)). "'To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy.'" *Franklin*, 312 F.3d at 441 (quoting *United Steel Workers*, 865 F.2d at 1541).

The federal system is one of notice pleading, and the court may not apply a heightened pleading standard to plaintiff's allegations of conspiracy. *Empress LLC v. City and County of San Francisco*, 419 F.3d 1052, 1056 (9th Cir. 2005); *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1126 (2002). However, although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A plaintiff must set forth "the grounds of his entitlement to relief[,]" which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action . . . ." *Id.* (internal quotations and citations omitted). As such, a bare allegation that Defendants conspired to violate Plaintiff's constitutional rights will not suffice to give rise to a conspiracy claim under § 1983.

In his prior complaint, Plaintiff based his conspiracy allegations on a conversation he had

with John Doe 2. The Court explained that the conversation was insufficient to demonstrate a conspiracy between Defendant John Doe 2 and other Defendants to violate Plaintiff's constitutional rights.

In his Second Amended Complaint, Plaintiff omits the allegations about the conversation. Instead, he now alleges that his isolation in the Unit Office, his strip search and the instruction to stand with his hands behind his back are "circumstantial evidence from which a jury could conclude that there was a prior agreement by Defendants Gaona, Cortez, Swetalla, Sgt. Barajas, and Sgt. Fidler, to beat Plaintiff once he stood up." Second Amended Complaint, at 5D.

Plaintiff's citation to circumstantial evidence is insufficient to raise Plaintiff's right to relief above the speculative level. As Plaintiff has been granted one opportunity to amend but has failed to successfully do so, the Court recommends that this claim be dismissed without leave to amend.

## **RECOMMENDATION**

Plaintiff's Second Amended Complaint appears to state causes of action for (1) use of excessive force in violation of the Eighth Amendment against Defendants Cortez, Swetalla, Gaona, Fidler, and Barajas; and (2) violation of the Eighth Amendment based on Plaintiff's conditions of confinement against Defendant John Doe 2.

However, Plaintiff's Second Amended Complaint fails to state claims for (1) supervisory liability against Defendants John Doe 1 and Gonzales; and (2) conspiracy against Defendants Cortez, Swetalla, Gaona, Fidler, and Barajas.

Accordingly, it is HEREBY RECOMMENDED that:

1. This action proceed Defendants Cortez, Swetalla, Gaona, Fidler, and Barajas on the excessive force claim, and against Defendant John Doe 2 on the conditions of confinement claim; and

2. Plaintiff's claim for supervisory liability against Defendants John Doe 1 and Gonzales, and his claim for conspiracy against Defendants Cortez, Swetalla, Gaona, Fidler, and Barajas be DISMISSED from this action for failure to state a claim.

7

These Findings and Recommendations are submitted to the Honorable Lawrence J. O'Neill pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   November 1, 2011**               /s/ Dennis L. Beck
                                         UNITED STATES MAGISTRATE JUDGE